```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Newport News Division


MICHAEL D. SAUNDERS,            :
                                :
        Plaintiff,              :
                                :
v.                              :     Civil Action No. 4:06cv16
                                :
                                :
UNITED STATES OF AMERICA,       :
                                :
        Defendant.              :
_____ :
```

**OPINION and ORDER**

Plaintiff Michael D. Saunders ("Saunders") brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671, et seq., seeking to hold the United States liable for injuries that he suffered during a fight at the Western Tidewater Regional Jail ("WTRJ") located in Suffolk, Virginia. At the time of the fight, Saunders was in federal custody, but housed in the WTRJ pursuant to a standing Service Agreement between the WTRJ and the United States Marshals Service ("Marshals Service"). Because the United States has not waived sovereign immunity for discretionary acts or constitutional violations, the Court **GRANTS** the United States' Motion to Dismiss for lack of subject matter jurisdiction (Docket No. 9).

I.  Facts and Procedural History

Saunders was arrested on September 15, 2000[1], and he remained in the custody of the Marshals Service from the date of his arrest until the alleged fight occurred in January 2001.  The Marshals Service housed Saunders at the WTRJ pursuant to a standing Service Agreement.  That Agreement obligates the WTRJ to:

> accept and provide for the secure custody, care and safekeeping of federal prisoners in accordance with state and local laws, standards, policies, procedures, or court orders applicable to the operations of the facility.

(Docket No. 10, Ex. 2 at 2.)  The Agreement allows the Marshals Service to perform periodic inspections of the WTRJ, but it does not allow the Marshals Service to interfere with the day-to-day operations of the facility.

Saunders allegedly told Marshals Service personnel after his guilty plea on January 3, 2001 that he was being threatened by other prisoners and feared for his safety.  Three days later, on January 6, 2001 at approximately 4:00 p.m., Saunders lost a fight to three of his fellow inmates at the WTRJ.  No Marshals Service personnel were present during or involved in the fight.

---

[1] Saunders was arrested pursuant to an Indictment charging him with escaping federal custody in violation of 18 U.S.C. § 751.  He pled guilty and, March 29, 2001, The Honorable Rebecca Beach Smith sentenced him to four months incarceration and two years of supervised release.  See United States v. Saunders, 4:00cr67 (E.D. Va.)

After the fight, Saunders requested that the WTRJ staff assist him in swearing out warrants against his alleged assailants. Saunders alleges that the WTRJ staff told him that such assistance would have to be provided by the Marshall's Service because he was in federal custody. Saunders further alleges that he then sent the Marshals Service a letter requesting help in swearing out warrants. The Marshals Service did not provide the assistance that Saunders requested.

## II.   Analysis

A.   Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of an action if the Court has no jurisdiction over the subject matter of the claim. "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1) . . . because 'the party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.'" Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (internal citations omitted). In ruling on a Rule 12(b)(1) motion, the Court may properly consider facts that are outside of the Complaint to determine whether the claim is covered by the FTCA. Id.; Thigpen v. United States, 800 F.2d 393, 396 (4th Cir. 1986).

B.   Sovereign Immunity

The United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  This sovereign immunity is waived only when the alleged waiver is expressed unequivocally.  United States v. Mitchell, 445 U.S. 535, 538 (1980); E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs, 791 F.2d 1129, 1131 (4th Cir. 1986).  The Court must strictly construe all purported waivers of sovereign immunity in favor of the sovereign.  Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005) (quoting Williams, 50 F.3d at 304).  "For that reason, it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." Welch, 409 F.3d at 651 (citing Williams, 50 F.3d at 304).

   1.   FTCA Discretionary Function Exception

In enacting the FTCA, Congress created a limited waiver of sovereign immunity by:

> authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law.

Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006).  This waiver is limited by a discretionary function exception.  The exception retains the United States' sovereign immunity against:

4

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680.

Count One of Saunders' Complaint alleges that the Marshals Service acted negligently both in: 1) placing him in an unsafe jail, and 2) not responding to his verbal concerns about his safety. Both claims involve discretionary decision making.

    a.   <u>Negligent Placement Claim</u>

The Marshals Service has a general duty to "provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086. In fulfilling this duty, the Director of the Marshals Service is authorized to acquire "adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." 28 C.F.R. § 0.111(o); <u>see</u> 18 U.S.C. § 4013(c) (establishing minimum compliance criteria).

In determining whether the Marshals Service's decision to contract for prisoner housing at the WTRJ is an exercise of discretionary authority, and thus exempt from FTCA liability, the Court begins by looking "to the nature of the challenged decision in an objective, or general sense, and ask[ing] whether that

5

decision is one which . . . would inherently . . . be grounded in considerations of policy." Baum v. United States, 986 F.2d 716, 720-21 (4th Cir. 1993).  If the statute, regulation, or agency guideline relied upon "permits a government agent to exercise discretion, 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.'" Suter, 441 F.3d at 312 (quoting United States v. Gaubert, 499 U.S. 315, 324 (1991)).

    Section 0.111(o) of Title 28 of the Code of Federal Regulations clearly requires that the Director of the Marshals Service exercise his judgment when selecting which non-federal facilities will house federal prisoners.  This grant of authority is open-ended.  It does not limit or guide the selection of a facility in any way so long as the space is adequate, suitable, 28 C.F.R. § 0.111(o), and meets minimum compliance criteria, 18 U.S.C. § 4013(c).  This open-ended authority recognizes the Marshals Service's need "to weigh concerns of expense, administration, payment, access to the premises, and a veritable plethora of factors before arriving at the decision to engage" the WTRJ.  Williams, 50 F.3d at 310.  As such, the discretional authority exception applies.  The FTCA does not waive sovereign immunity for Saunders' claim that the Marshals Service was negligent in placing him in an unsafe facility.

      b.    <u>Negligent Failure to Act Claim</u>

When an agent of the United States makes a decision to hire an independent contractor and that decision is covered by the discretionary authority exception, any other decisions made by that agent which are embraced by the "overarching decision to engage" the independent contractor are also protected from FTCA liability.  <u>Williams</u>, 50 F.3d at 310.

Saunders attempts to sidestep the FTCA discretionary authority exception by claiming that the Marshals Service's failure to provide him with special protection after January 3, 2001 was itself a negligent act.  However, such a claim is inseparable from a negligent entrustment claim.  The Marshals Service's decision not to provide special protection is necessarily incorporated into the Marshals Service's decision to contract with the WTRJ for Saunders' housing and safekeeping. <u>See</u> <u>Hodge v. United States</u>, 443 F. Supp. 2d 795, 800 (E.D. Va 2006) (holding that Bureau of Prisons' decision not to review care provided by independently contracted physician was incorporated into its initial decision to hire independent physician), <u>aff'd</u>, 2007 U.S. App. LEXUS 9048 (4th Cir. Apr. 18, 2007); <u>Williams</u>, 50 F.3d at 309.

Saunders' Complaint does not allege that the Marshals Service had any knowledge of unsafe conditions at WTRJ other than the apprehension expressed by Saunders himself.  Allowing

Saunders' verbal expressions of fear to trigger a new duty to act "would stymie the very purpose of the discretionary function exception by permitting the second-guessing of policy through a tort action." Williams, 50 F.3d at 310; accord Hodge, 443 F. Supp. 2d at 800.

    C. Due Process Claim

Count Two of Saunders' Complaint alleges that the Marshals Service violated his Fifth Amendment right to due process when it did not comply with his request for assistance in swearing out warrants against his alleged assailants.

As discussed supra, Part II(B), the United States, as sovereign, is immune from suit unless it "unequivocally" has waived its immunity. Mitchell, 445 U.S. at 538. Because the United States has not waived sovereign immunity for constitutional violations, FDIC v. Myer, 510 U.S. 471, 477 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999), the Court lacks subject matter jurisdiction over any due process claim asserted against the United States.

    III. Conclusion

For the reasons stated above, the Court **GRANTS** the United States' Motion to Dismiss (Docket No. 9) and **DISMISSES** this action **WITH PREJUDICE.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 13, 2007